# UNITED STATES DISTRICT COURT W.D. OF WASHINGTON AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RYAN NICKLAUS WILLIAMS,

    Defendants.

Case No. CR08-5124 RBL

**ORDER RE: VIOLATION OF CONDITIONS OF SUPERVISION AND ORDERING DETENTION**

**THIS MATTER** is before the Court on the Pretrial Services Violation Report and the Plaintiff's Motion for Detention.

The plaintiff appeared through AUSA Matthew Thomas. The Defendant was present and represented by counsel, Eric Maughan. Todd Skipworth was present for Pre-trial Services.

## BACKGROUND

Mr. Williams entered a plea of guilty to the offense of conspiracy to commit visa fraud, as charged in Count 1 of the Indictment, on October 7, 2008. Sentencing is scheduled for January 13, 2009. The maximum penalty for the charge is up to five years imprisonment. The written plea agreement sets forth the government's recommendation of low end of the Sentencing Guidelines Range, including a probationary sentence if the defendant is eligible.

Mr. Williams has been on Pretrial Supervision since March 7, 2008. His conditions of supervision include (1) no use, consumption or possession of any controlled substances, including medication, unless prescribed by a physician and approved in advance by the Pretrial Services Officer and (2) submitting to drug and alcohol testing, to include urinalysis as directed by Pretrial Services.

ORDER OF DETENTION
Page - 1

## PRIOR REVOCATION REPORTS

Pretrial Services submitted two prior Violation reports. The first report is dated April 2, 2008 charging Mr. Williams with using opiates on or before March 13, 2008. No action was recommended and the undersigned concurred. The second report was dated May 28, 2008 charging Mr. Williams with using opiates on or before May 6, 2008 and using opiates and cocaine on or before May 20, 2008. No action was recommended and the undersigned agreed. However, because of the positive UA's, the defendant was evaluated and assessed as an opiate abuser. He attended and completed four months of relapse prevention treatment.

## PRESENT HEARING

At the hearing on December 9, 2008, the Plaintiff requested detention of the defendant based on risk of flight and safety of any other person and the community. The Defendant admitted to the four violations alleged by Pretrial Services. Each violation involved the defendant's failure to submit to drug and alcohol testing on the dates of November 19, 2008, November 21, 2008, November 26, 2008 and December 2, 2008.

The only issue for determination by the Court was whether the Defendant should continue his release on bond or be detained pending sentencing.

During the time Mr. Williams has been on supervision, he has reported employment as a real estate agent with John L. Scott. However, he has had no income from that employment during the entire period of supervision. During the hearing Mr. Williams advised that he opened a kiosk in a shopping center 10 days ago and that this business takes up a great deal of his time. His description of what is sold at the kiosk was vague. Mr. Williams counsel was mistakenly under the impression it was an espresso stand but it appears that various types of nuts and/or spices are being sold. This was all new information to Pretrial.

On December 2, 2008 Mr. Williams advised Pretrial that he was not going to report for testing, that he was busy for the remainder of the week and would be busy the next week but would come in the following week. Mr. Williams was not able to provide the undersigned with a satisfactory explanation as to what he was doing that made him so busy nor did he provide any

good explanation as to why he was refusing to report for testing as directed.  He did complain about the frequency of testing (currently 3 times per month) and the fact that it takes a long time.  However, Mr. Skipworth explained that on one occasion Mr. Williams was at Pretrial for several hours due to the fact that the UA sample he provided was very small and barely enough to test.  That sample tested presumptively positive.  Mr. Williams was told to provide a second sample.  Some time passed before he was able to do this.  The sample was a small quantity, but also tested presumptively positive.  When sent in to the lab for testing, Pretrial was advised that the quantity was insufficient for testing.  Even though he was told to wait to speak with Mr. Skipworth, Mr. Williams left.  Mr. Williams subsequently told Mr. Skipworth that his attorney advised him that he did not have to wait to speak with the Pretrial officer.

While Mr. Williams did provide a negative UA on November 25, 2008, Pretrial is concerned that Mr. Williams abuse of opiates is on going.   During his initial interview, Mr. Williams disclosed an extensive alcohol and drug history.  He has participated in three separate drug/alcohol treatment programs.  Due to is continued use of prescription opiates and cocaine during supervision, Mr. Williams was referred for a substance abuse evaluation, assessed to be an opiate abuser and subsequently completed  a four months relapse prevention program.

In light of his refusal to report for testing, and based on his history during supervision, it appears that Pretrial's concerns are valid.  This concern is highlighted by the fact that in August Mr. Williams went to a new doctor and obtained a new prescription for Oxycodone (without obtaining advance approval of Pretrial Services) during the time he was in the relapse prevention program.  He refused to sign a release which would give Pretrial the ability to confirm that Mr. Williams informed the physician of his opiate addiction.

During his supervision the defendant has submitted positive UA's.  Pretrial Services requested no action and took steps to assist the defendant with his issue of opiate addiction.  The defendants actions in the last month, however, require the court to reach the conclusion that Mr. Williams will not abide by court orders.  Further, his actions support Pretrial Services opinion that Mr. Williams is not staying clean and sober.  This leads to an increased risk of flight as well as concern for safety of the community.

ORDER OF DETENTION
Page - 3

**FINDINGS**

NOW THEREFORE, the court finds the defendant has violated the conditions of his Pretrial Supervision while on release under bond. The Court finds that there are no conditions or combination of conditions which will assure that the defendant will appear and will not pose a danger to other persons, if released again; and further finds that defendant is unlikely to abide by any condition or combination of conditions set by the court

IT IS ORDERED that the defendant's bond is REVOKED and that the Defendant shall be detained pending trial. The defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

The clerks shall direct copies of this order to counsel for the United States, to counsel for the defendant, the United States Marshal and to the United States Probation Office and/or Pretrial Services Office.

DATED this 10th day of December, 2008.

Karen L. Strombom
United States Magistrate Judge